UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF WEST VIRGINIA
BECKLEY GRAND JURY 2021
SEPTEMBER 22, 2021 SESSION



FILED
SEP 2 2 2021
RORY L. PERRY II, CLERK
U.S. District Court
Southern District of West Virginia

UNITED STATES OF AMERICA

v.  CRIMINAL NO. 2:21-cr-00159
    21 U.S.C. § 841(a)(1)

ALEXANDER V. OTELLIN, M.D.

## INDICTMENT

The Grand Jury Charges:

### BACKGROUND

At all times material to this Indictment:

1. Defendant ALEXANDER V. OTELLIN, M.D., was a medical doctor licensed to practice medicine in the State of West Virginia.

2. Defendant ALEXANDER V. OTELLIN, M.D., had an active Drug Enforcement Administration (DEA) registration number that allowed him to prescribe controlled substances, including Schedule II, III and IV controlled substances, for legitimate medical purposes in the usual course of his professional medical practice and within the bounds of medical practice.

3. Under the Controlled Substances Act, Title 21, United States Code, Section 841(a) *et seq.*, and Title 21, Code of Federal Regulations, Section 1306.04, a prescription for a controlled substance is not legal or effective unless issued for a legitimate medical purpose by a practitioner acting in the usual course of professional practice.

4. Defendant ALEXANDER V. OTELLIN, M.D., routinely prescribed various Schedule II, III and IV controlled substances, including oxycodone, buprenorphine, and

alprazolam for his patients outside the usual course of professional practice and without legitimate medical purpose.

## COUNTS ONE THROUGH TEN
### (Unlawful Distribution of Controlled Substances)

5.  On or about the dates set forth in each count below, at or near South Charleston, Kanawha County, West Virginia, and elsewhere, within the Southern District of West Virginia, defendant ALEXANDER V. OTELLIN, M.D., did knowingly, intentionally, and without authority, distribute quantities of oxycodone, a Schedule II controlled substance, buprenorphine, a Schedule III controlled substances, and alprazolam, a Schedule IV controlled substance, as listed below, without a legitimate medical purpose and outside the usual course of professional practice, each of which constitutes a separate count of this Indictment:

| Count | Approximate Date of Distribution | Patient | Controlled Substance |
|---|---|---|---|
| 1 | December 4, 2017 | T.C. | Buprenorphine |
| 2 | October 29, 2018 | T.C. | Buprenorphine |
| 3 | October 9, 2019 | T.C. | Buprenorphine |
| 4 | July 27, 2017 | K.P. | Oxycodone |
| 5 | March 26, 2018 | K.P. | Oxycodone |
| 6 | June 24, 2019 | K.P. | Oxycodone |
| 7 | July 23, 2019 | K.P. | Oxycodone |
| 8 | September 1, 2017 | S.P. | Oxycodone |
| 9 | July 23, 2019 | S.P. | Oxycodone |
| 10 | March 19, 2019 | V.A. | Alprazolam |

Each in violation of Title 21, United States Code, Section 841(a)(1).

**LISA G. JOHNSTON**
Acting United States Attorney

By: *[signature]*

ANDREW ISABELL
Assistant United States Attorney

MARYAM ADEYOLA
Trial Attorney, Criminal Division, Fraud Section

JOSEPH S. BEEMSTERBOER
United States Department of Justice
Acting Chief, Criminal Division, Fraud Section