

**United States Department of Justice**

United States Attorney
Southern District of West Virginia

Robert C. Byrd United States Courthouse   1-800-659-8726
300 Virginia Street, East   304-345-2200
Suite 4000   FAX: 304-347-5104



FILED
SEP 12 2024
RORY L. PERRY II, CLERK
U.S. District Court
Southern District of West Virginia

August 27, 2024

Mr. Clint Carte
300 Virginia St. E, Rm 3400
Charleston, WV 25301

      Re:  United States v. Alexander V. Otellin, M.D.
           Criminal No. 2:21-cr-00159 (USDC SDWV)

Dear Mr. Carte:

    This will confirm our conversations with regard to your client, Alexander V. Otellin, M.D. (hereinafter "Mr. Otellin"). As a result of these conversations, it is agreed by and between the United States and Mr. Otellin as follows:

    1.  **PENDING CHARGES**. Mr. Otellin is charged in a ten-count indictment as follows:

        (a)  Counts One, Two and Three charge Mr. Otellin with violations of 21 U.S.C. § 841(a)(1) (unlawful distribution of buprenorphine);

        (b)  Counts Four, Five, Six, Seven, Eight and Nine charge Mr. Otellin with violations of 21 U.S.C. § 841(a)(1) (unlawful distribution of oxycodone); and

        (c)  Count Ten charges Mr. Otellin with a violation of 21 U.S.C. § 841(a)(1) (unlawful distribution of alprazolam).

    2.  **RESOLUTION OF CHARGES**. Mr. Otellin will plead guilty to Count Four of said indictment, which charges him with a violation of 21 U.S.C. § 841(a)(1). Following final disposition, the United States will move the Court to dismiss Counts One, Two, Three, Five, Six, Seven, Eight, Nine and Ten in Criminal No. 2:21-cr-00159 as

                                                                         _____
                                                                       Defendant's
                                                                       Initials

Mr. Clint Carte
August 27, 2024　　　　　　　　　Re: Alexander V. Otellin, M.D.
Page 2

to Mr. Otellin.

    3.    **MAXIMUM POTENTIAL PENALTY.** The maximum penalty to which Mr. Otellin will be exposed by virtue of this guilty plea is as follows:

(a) Imprisonment for a period of up to 20 years;

(b) A fine of up to $1,000,000, or twice the gross pecuniary gain or twice the gross pecuniary loss resulting from defendant's conduct, whichever is greater;

(c) A term of supervised release of at least 3 years;

(d) A mandatory special assessment of $100 pursuant to 18 U.S.C. § 3013;

(e) Pursuant to 21 U.S.C. § 862(a)(1), the Court may deny certain federal benefits to Mr. Otellin for a period of five years; and

(f) An order of restitution pursuant to 18 U.S.C. §§ 3663A and 3664.

    4.    **SPECIAL ASSESSMENT.** Mr. Otellin has submitted certified financial statements to the United States reflecting that he is without sufficient funds to pay the special assessment due upon conviction in this case. Mr. Otellin agrees that, if incarcerated, he will join the Inmate Financial Responsibility Program, earnings from which will be applied toward payment of the special assessment.

    5.    **FORFEITURE.** Mr. Otellin hereby agrees as follows:

(a) To forfeit to the United States any and all property in Mr. Otellin's possession or under his control which constitutes proceeds of or was derived from proceeds of the offense to which Mr. Otellin is agreeing to plead guilty, and is set forth in the Indictment, namely the

                                                                       _/s/ AO_
                                                                       Defendant's
                                                                       Initials

Mr. Clint Carte
August 27, 2024                                     Re: Alexander V. Otellin, M.D.
Page 3

        violation of 21 U.S.C. § 841(a)(1).

- (b) To assist the United States and its agents in identifying all such property, regardless of its location and the manner in which it is titled. Any such identified property deemed forfeitable by the United States will then be forfeited, pursuant to 18 U.S.C. §§ 981, 982 or 28 U.S.C. § 2461, in either an administrative or judicial forfeiture action;

- (c) To fully complete and execute, under oath, a Financial Affidavit in a form supplied by the United States and to return to counsel for the United States the completed Affidavit within seven calendar days from the date of signing this plea agreement;

- (d) To provide sworn testimony and to execute any documents deemed necessary by the United States to effectuate the forfeiture and to transfer title to the said property to the United States; and

- (e) To waive any defenses to this criminal action, or to any related administrative or judicial forfeiture action, based in whole or in part on the Excessive Fines Clause of the Eighth Amendment to the Constitution, or the holding or principles set forth in <u>United States v. Alexander</u>, 509 U.S. 544 (1993); <u>United States v. Bajakajian</u>, 524 U.S. 321 (1998); <u>United States v. Austin</u>, 509 U.S. 602 (1993); and their progeny.

    6. **PAYMENT OF MONETARY PENALTIES**. Mr. Otellin authorizes the Financial Litigation Program in the United States Attorney's Office to obtain a credit report from any major credit reporting agency prior to sentencing in order to assess his financial condition for sentencing purposes. Mr. Otellin agrees not to object to the District Court ordering all monetary penalties (including the special assessment, fine, court costs, and any restitution) to be due and payable in full immediately and subject to immediate enforcement by the United States. So long as the monetary penalties are ordered to be due and payable in full immediately, Mr. Otellin

_/s/ AO_
Defendant's
Initials

Mr. Clint Carte  
August 27, 2024                          Re: Alexander V. Otellin, M.D.  
Page 4

further agrees not to object to the District Court imposing any schedule of payments as merely a minimum schedule of payments and not the only method, nor a limitation on the methods, available to the United States to enforce the judgment.

Mr. Otellin authorizes the United States, through the Financial Litigation Program, to submit any unpaid criminal monetary penalty to the United States Treasury for offset in accordance with the Treasury Offset Program, regardless of the defendant's payment status or history at that time.

In addition to any payment ordered by the Court, Mr. Otellin shall pay all monies received from any source other than earned income, including but not limited to, lottery winnings, gambling proceeds, judgments, inheritances, and tax refunds, toward the court ordered restitution or fine.

Mr. Otellin agrees that if he retains counsel or has appointed counsel in response to the United States' efforts to collect any monetary penalty, he shall immediately notify the United States Attorney's Office, Attention: Financial Litigation Program, 300 Virginia Street E., Suite 4000, Charleston, West Virginia 25301, in writing and shall instruct his attorney to notify FLP immediately of his representation.

7. **COOPERATION**. Mr. Otellin will be forthright and truthful with this office and other law enforcement agencies with regard to all inquiries made pursuant to this agreement, and will give signed, sworn statements and grand jury and trial testimony upon request of the United States. In complying with this provision, Mr. Otellin may have counsel present except when appearing before a grand jury.

8. **USE IMMUNITY**. Unless this agreement becomes void due to a violation of any of its terms by Mr. Otellin, and except as expressly provided for in paragraph 10 below, nothing contained in any statement or testimony provided by him pursuant to this agreement, or any evidence developed therefrom, will be used against him, directly or indirectly, in any further criminal

_____  
Defendant's Initials

Mr. Clint Carte
August 27, 2024                          Re: Alexander V. Otellin, M.D.
Page 5

prosecutions or in determining the applicable guideline range under the Federal Sentencing Guidelines.

9. **LIMITATIONS ON IMMUNITY.** Nothing contained in this agreement restricts the use of information obtained by the United States from an independent, legitimate source, separate and apart from any information and testimony provided pursuant to this agreement, in determining the applicable guideline range or in prosecuting Mr. Otellin for any violations of federal or state laws. The United States reserves the right to prosecute Mr. Otellin for perjury or false statement if such a situation should occur pursuant to this agreement.

10. **STIPULATION OF FACTS AND WAIVER OF FED. R. EVID. 410.** The United States and Mr. Otellin stipulate and agree that the facts comprising the offense of conviction include the facts outlined in the "Stipulation of Facts," a copy of which is attached hereto as "Plea Agreement Exhibit A."

Mr. Otellin agrees that if he withdraws from this agreement, or this agreement is voided as a result of a breach of its terms by him, and he is subsequently tried for his conduct alleged in the indictment, as more specifically described in the Stipulation of Facts, the United States may use and introduce the Stipulation of Facts in the United States case-in-chief, in cross-examination of Mr. Otellin or of any of his witnesses, or in rebuttal of any testimony introduced by him or on his behalf. Mr. Otellin knowingly and voluntarily waives, see United States v. Mezzanatto, 513 U.S. 196 (1995), any right he has pursuant to Fed. R. Evid. 410 that would prohibit such use of the Stipulation of Facts. If the Court does not accept the plea agreement through no fault of the defendant, or the Court declares the agreement void due to a breach of its terms by the United States, the Stipulation of Facts cannot be used by the United States.

The United States and Mr. Otellin understand and acknowledge that the Court is not bound by the Stipulation of Facts and that if some or all of the Stipulation of Facts is not accepted by the Court, the parties will not have the right to withdraw from the

_AO_
_____
                     Defendant's
                     Initials

Mr. Clint Carte  
August 27, 2024  Re: Alexander V. Otellin, M.D.  
Page 6

plea agreement.

11. **AGREEMENT ON SENTENCING GUIDELINES**. Based on the foregoing Stipulation of Facts, the United States and Mr. Otellin agree that the following provisions of the United States Sentencing Guidelines apply to this case:

    USSG §2D1.1(c)(8)    - Base offense level -    24

    USSG §3B1.3    - Abuse of trust -    +2

    Adjusted Offense Level (prior to acceptance) - 26

The United States and Mr. Otellin acknowledge and understand that the Court and the Probation Office are not bound by the parties' calculation of the United States Sentencing Guidelines set forth above and that the parties shall not have the right to withdraw from the plea agreement due to a disagreement with the Court's calculation of the appropriate guideline range.

12. **WAIVER OF APPEAL AND COLLATERAL ATTACK**. Mr. Otellin knowingly and voluntarily waives his right to seek appellate review of his conviction and of any sentence of imprisonment, fine, or term of supervised release imposed by the District Court, or the manner in which the sentence was determined, on any ground whatsoever including any ground set forth in 18 U.S.C. § 3742(a), so long as the sentence of imprisonment, fine, or term of supervised release is below or within the Sentencing Guideline range corresponding to offense level 26, regardless of the Court's determination of Mr. Otellin's Criminal History Category. Mr. Otellin also knowingly and voluntarily waives any right to seek appellate review of any claim or argument that (1) the statute of conviction 21 U.S.C. § 841(a)(1) is unconstitutional, and (2) Mr. Otellin's conduct set forth in the Stipulation of Facts (Plea Agreement Exhibit A) does not fall within the scope of 18 U.S.C. § 841(a)(1).

The United States also agrees to waive its right to appeal any sentence of imprisonment, fine, or term of supervised release

                                                                _____  
                                                                 Defendant's  
                                                                 Initials

Mr. Clint Carte  
August 27, 2024                          Re: Alexander V. Otellin, M.D.  
Page 7

imposed by the District Court, or the manner in which the sentence was determined, on any ground whatsoever, including any ground set forth in 18 U.S.C. § 3742(b), so long as that sentence of imprisonment or fine is above or within a Sentencing Guideline range corresponding to offense level 23, regardless of the Court's determination of Mr. Otellin's Criminal History Category.

    Mr. Otellin also knowingly and voluntarily waives the right to challenge his guilty plea and conviction resulting from this plea agreement, and any sentence imposed for the conviction, in any collateral attack, including but not limited to a motion brought under 28 U.S.C. § 2255.

    The waivers noted above shall not apply to a post-conviction collateral attack or direct appeal based on a claim of ineffective assistance of counsel.

    13.   **WAIVER OF FOIA AND PRIVACY RIGHT**. Mr. Otellin knowingly and voluntarily waives all rights, whether asserted directly or by a representative, to request or receive from any department or agency of the United States any records pertaining to the investigation or prosecution of this case, including without any limitation any records that may be sought under the Freedom of Information Act (FOIA), 5 U.S.C. § 552, or the Privacy Act of 1974, 5 U.S.C. § 552a, following final disposition.

    14.   **FINAL DISPOSITION**. The matter of sentencing is within the sole discretion of the Court. The United States has made no representations or promises as to a specific sentence. The United States reserves the right to:

    (a)   Inform the Probation Office and the Court of all relevant facts and conduct;

    (b)   Present evidence and argument relevant to the factors enumerated in 18 U.S.C. § 3553(a);

    (c)   Respond to questions raised by the Court;

_____<br>Defendant's Initials

Mr. Clint Carte
August 27, 2024
Page 8

Re: Alexander V. Otellin, M.D.

    (d)    Correct inaccuracies or inadequacies in the presentence report;

    (e)    Respond to statements made to the Court by or on behalf of Mr. Otellin;

    (f)    Advise the Court concerning the nature and extent of Mr. Otellin's cooperation; and

    (g)    Address the Court regarding the issue of Mr. Otellin's acceptance of responsibility.

15. **VOIDING OF AGREEMENT.** If either the United States or Mr. Otellin violates the terms of this agreement, the other party will have the right to void this agreement. If the Court refuses to accept this agreement, it shall be void.

16. **ENTIRETY OF AGREEMENT.** This written agreement constitutes the entire agreement between the United States and Mr. Otellin in this matter. There are no agreements, understandings or recommendations as to any other pending or future charges against Mr. Otellin in any Court other than the United States District Court for the Southern District of West Virginia.

_____
Defendant's Initials

Acknowledged and agreed to on behalf of the United States:

        WILLIAM S. THOMPSON
        United States Attorney

        Glenn S. Leon
        Chief, Fraud Section
        U.S. Department of Justice

By: _____
    Owen A. Reynolds
    Assistant United States Attorney

By: _____
    Charles D. Strauss
    Trial Attorney

I hereby acknowledge by my initials at the bottom of each of the foregoing pages and by my signature on the last page of this 9-page agreement that I have read and carefully discussed every part of it with my attorney, that I understand the terms of this agreement, and that I voluntarily agree to those terms and conditions set forth in the agreement. I further acknowledge that my attorney has advised me of my rights, possible defenses, the Sentencing Guideline provisions, and the consequences of entering into this agreement, that no promises or inducements have been made to me other than those in this agreement, and that no one has threatened me or forced me in any way to enter into this agreement. Finally, I am satisfied with the representation of my attorney in this matter.

_____    08/28/2024
Alexander V. Otellin, M.D.      Date Signed
Defendant

_____    8-28-24
Mr. Clint Carte               Date Signed
Counsel for Defendant

                          _____
                          Defendant's
                          Initials

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF WEST VIRGINIA
CHARLESTON

**UNITED STATES OF AMERICA**

v.                                          CRIMINAL NO. 2:21-cr-00159

**ALEXANDER V. OTELLIN, M.D.**

### STIPULATION OF FACTS

The United States and Alexander V. Otellin, M.D. (hereinafter "defendant," "I," "me," and "my") stipulate and agree that the facts comprising the offense of conviction (Count Four in the Indictment in the Southern District of West Virginia, Criminal No. 2:21-cr-00159), includes the following:

### DEFENDANT'S FACTUAL BASIS FOR GUILTY PLEA

Between approximately 2006 to 2021, I was a licensed medical doctor operating a psychiatry practice under my own name at 401 Division Street in South Charleston, West Virginia, within the Southern District of West Virginia. Within that timeframe, I had an active Drug Enforcement Administration ("DEA") registration number that allowed me to prescribe controlled substances, including Schedule II, III, and IV controlled substances, for legitimate medical purposes in the usual course and within the bounds of my medical practice.

I started distributing controlled substances to K.P. on or about February 6, 2014, until on or about July 15, 2020. Despite my specialty being psychiatry, I purported to treat K.P. for pain management and distributed oxycodone to K.P. For the first four years, I did not review his medical history for substance abuse or habits. I did not document a review of the Controlled Substance Monitoring Database. During the time I distributed K.P. oxycodone, he was receiving opiates from another physician. There was a lengthy period of time, approximately five months, that I continued to write prescriptions for controlled substances, including oxycodone, without conducting evaluations on K.P.

On or about July 27, 2017, I knowingly, intentionally, and without authority, distributed a quantity of oxycodone, a Schedule II controlled substance, to K.P. without a legitimate medical purpose and outside the usual course of professional practice. This distribution took place at my psychiatry practice located in South Charleston, West Virginia, within the Southern District of West Virginia. I knew and intended for this distribution to be without medical purpose, outside the usual course of medical practice, and without proper authority.

**AGREEMENT ON TOTAL DRUG WEIGHT**

The parties stipulate and agree that the total amount of offense and relevant conduct attributable to Dr. Otellin at sentencing is the equivalent of at least 100 KG but less than 400 KG of converted drug weight.

This Stipulation of Facts does not contain each and every fact known to defendant and to the United States concerning his involvement and the involvement of others in the charges set forth in the Indictment.

Stipulated and agreed to:

_____    08/28/2024
Alexander V. Otellin, M.D.          Date
Defendant

_____    8-28-24
Clint Carte                         Date
Counsel for Defendant

_____    9/11/24
Owen A. Reynolds                    Date
Assistant United States Attorney

_____    9/11/24
Charles D. Strauss                  Date
Trial Attorney

**PLEA AGREEMENT EXHIBIT A**
2